UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAYMOND OTIS TAYLOR, JR., as**
**Personal Representative of the Estate of**
**Raymond Otis Taylor, Sr., deceased,**

   **Plaintiff,**

v.                                               Case No.  8:06-cv-2212-T-30TGW

**PRISON HEALTH SERVICES, INC., a**
**foreign corporation, and DAVID GEE, in his**
**capacity as Hillsborough County Sheriff,**

   **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #39), and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. #41).  The Court having considered the motion, response, memoranda, the amended complaint, and being otherwise advised in the premises, finds that Defendants' motion should be granted as stated herein.

**Background**

Raymond Otis Taylor, Sr. was an inmate at the Hillsborough County Jail from April 25, 2003, until June 20, 2003.  On June 17, 2003, Mr. Taylor began experiencing respiratory problems.  On June 19, 2003, he was seen in the Hillsborough County Jail infirmary.  On

June 20, 2003, he was transferred to Tampa General Hospital. On June 22, 2003, Mr. Taylor died at Tampa General Hospital of apparent respiratory failure.

Plaintiff's Amended Complaint and Demand for Jury Trial (Dkt. #36) contains seven counts against Defendants, Prison Health Services, Inc. ("PHS") and David Gee, in his capacity as Hillsborough County Sheriff ("Gee"), alleging: Count I - Medical Negligence/Wrongful Death against PHS; Count II - Negligence/Respondeat Superior against Gee; Count III - Declaratory Relief against PHS based upon violation of 42 U.S.C. §1983; Count IV - Declaratory Relief against Gee based upon violation of 42 U.S.C. §1983; Count V - Violation of 42 U.S.C. §1983 against PHS; Count VI - Violation of 42 U.S.C. §1983 against Gee; and Count VII - Medical Negligence/Respondeat Superior against Gee for the acts and omissions of PHS.

Counts III and IV for declaratory relief allege, in pertinent part, that: while in custody at the Hillsborough County Jail, Defendants demonstrated a deliberate indifference to Mr. Taylor's serious medical needs; Defendants' deliberate actions and/or omissions resulted in Mr. Taylor's death, and subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; and the violations of Mr. Taylor's constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of Defendants, acting under color of state law. Plaintiff demands a declaratory judgment against Defendants declaring that Defendants' conduct violates the United States Constitution.

Defendants seek to dismiss Counts III and IV arguing that Counts III and IV fail to present a case or controversy.

**Analysis**

Article III of the Constitution sets forth that those who seek to invoke the power of federal courts must allege an actual case or controversy. Raske v. Dugger, 819 F.Supp. 1046, 1055 (M.D. Fla. 1993). This requirement is met by showing present exposure to illegal conduct. Id. Past exposure of illegal conduct does not demonstrate the presence of a case or controversy. O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). For instance, once an inmate has been transferred, his claims for declaratory relief in a section 1983 action fails to present a case or controversy. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).

In this case, Mr. Taylor died three days after being transferred from the Hillsborough County Jail to Tampa General Hospital. Thus, Plaintiff is unable to show that Mr. Taylor is presently being exposed to illegal conduct on the part of Defendants. Plaintiff's allegations of past exposure of illegal conduct on the part of Defendants does not demonstrate the presence of a case or controversy. Accordingly, the Court concludes that Counts III and IV of Plaintiff's Amended Complaint seeking declaratory relief based on violations of 42 U.S.C. §1983 should be dismissed.

It is therefore ORDERED AND ADJUDGED that:

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #39) is **GRANTED** as stated herein. Counts III and IV of Plaintiff's Amended Complaint and Demand for Jury Trial (Dkt. #36) seeking declaratory relief are dismissed for failure to demonstrate the presence of a case or controversy.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-2212.mtd 39.wpd