UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAYMOND OTIS TAYLOR, JR., as**
**Personal Representative of the Estate of**
**Raymond Otis Taylor, Sr., deceased,**

    **Plaintiff,**

v.                                        Case No.  8:06-cv-2212-T-30TGW

**PRISON HEALTH SERVICES, INC., a**
**foreign corporation, and DAVID GEE, in his**
**capacity as Hillsborough County Sheriff,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. # 63), and Defendants' Memorandum of Law in Opposition to the same (Dkt. #71).  Plaintiff filed his initial Complaint (Dkt. #7) in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, for damages arising out of the alleged wrongful death of Raymond Otis Taylor, Sr.   After Plaintiff filed a motion for leave to amend his Complaint to add claims arising under the Constitution and 42 U.S.C. § §1983, Defendants removed the case to this Court.  Plaintiff filed his Amended Complaint on December 28, 2006 (Dkt. 36). On March 27, 2007, Plaintiff filed a Second Amended Complaint (Dkt. #62), which  did not contain any federal claims.  Plaintiff has now moved the Court to remand the case to state court  for lack of subject matter jurisdiction.

In opposition to Plaintiff's motion to remand, Defendant argues that after a case has been properly removed to federal court, the issue of remand is a question of judicial discretion rather than subject matter jurisdiction. In its memorandum, Defendant cites Xactron Management Ltd. v. Kreepy Krauly U.S.A., Inc., 696 F.Supp. 1465, 1466 (S.D. Fla. 1988), in which the court addressed the issue as follows:

> As Defendants properly removed this case to federal court, Plaintiff's elimination of the federal question will not divest this Court of jurisdiction. In re Carter, 618 F.2d 1093, 1101 (5th Cir.1980). Where a cause of action is properly removed on the basis of federal question, Plaintiff cannot unilaterally act to divest a court of jurisdiction by deleting the federal element. Id. The right of removal has been statutorily conferred upon Defendants; Plaintiff cannot defeat this statutory right by subsequent amendment or act. As removal was proper in this case, Plaintiff's withdrawal of its motion to compel arbitration cannot defeat federal jurisdiction.

However, the court in Xactron further stated that "[A] court should remand, however, if only state law claims remain - state courts are better equipped to deal with such claims." Id. In Xactron, the court retained jurisdiction because the defendants moved the court to compel arbitration pursuant to the Foreign Arbitral Awards Statute, which revived an element of federal law. Id. In retaining jurisdiction, the court noted that it had "greater expertise than state courts in matters of federal law." Id. In the instant case, only state law claims remain. As the state court is better equipped to deal with such claims, the Court concludes that Plaintiff's motion should be granted.

Defendants have requested the Court to award Defendants "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to 28 U.S.C. § § 1447(c). Because the removal and remand of this case have been dictated by Plaintiff's

amending its Complaint, the Court determines that Defendants' request for costs should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand (Dkt. #63) is **GRANTED**. The Clerk is directed to **remand** this case to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

2. Defendants' request for just costs and actual expenses pursuant to 28 U.S.C. §1447 (c) (Dkt. #71) is **GRANTED**. The Court reserves jurisdiction over this award of costs. Defendants shall have ten (10) days from this date to submit to the Court a Bill of Costs and Attorney's Fees, indicating the actual expenses and attorney's fees incurred by Defendants with respect to the removal of this action. Plaintiff shall have five (5) days to respond to the request.

3. The Clerk is directed to **CLOSE** this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-2212.remand.wpd